## AGREEMENTS OBJECTIONABLE TO LAW NOT ENFORCEABLE REGARDLESS OF AGENCY.

[Hamilton County Court of Common Pleas].

### EDWARD POPE v. THE STANDARD OIL COMPANY.

Decided, May 26, 1903.

*Parties in Pari Delicto—Fraudulent Contract—Public Policy with Reference Thereto—Agency.*

An agreement to impose a fraud upon the public is not enforceable as between the parties, and this is true regardless of a question of agency, revokable or irrevokable.

SPIEGEL, J.

Plaintiff alleges that he was in the employ of the Standard Oil Co. from April, 1894, until June, 1902, as the driver of an oil wagon on a certain oil route in this city, receiving therefor $15 a week; that defendant entered into a further contract with the plaintiff, directing him to hold himself out as the owner of said oil route, and place his name as owner on said wagon, he having been for years the driver for the original owner, J. W. Austin, who had sold out to the Standard Oil Co.; that said plaintiff did this, making out the bills for oil delivered to his customers in his own name, from May, 1894, until July, 1901, under a promise from defendant to pay him what these services were reasonably worth. And at the latter date defendant ordered him to place its name on the wagon, inform his customers that it was the owner of said route, and make out the bills in its name; that plaintiff did this, continuing in defendant's employ as driver another year, but that the latter has never paid him for said extra services which were reasonably worth $10,550, for which he asks judgment.

To this petition a demurrer has been interposed by defendant.

*Ex turpi causa non oritur actio.* Here is an agreement between two parties, to impose a fraud upon the public. No right of action can spring out of such a contract; for this rule applies, not only when the contract is expressly illegal, but whenever it is opposed to public policy and when the parties to such an agreement are *in pari delicto,* the law refuses to aid either of them against the other, but leaves them where they have placed themselves by their own acts. Citing Broom's Legal Maxims, page 733:

"As a general rule then, a contract or an agreement can not be made the subject of an action if it be impeachable on the ground of dishonesty, or as being opposed to public policy—if it be either *contra bonos mores,* or forbidden by the law. In answer to an action founded on such an agreement, the maxim may be urged, *ex maleficio non oritur contractus*—a contract can not arise out of an act radically vicious and illegal; those who come into a court of justice to seek redress must come with clean hands, and must disclose a transaction warranted by law."

There is no distinction between an illegal and an immoral pur-

pose, for, as Lord Mansfield (*Holman* v. *Johnson,* Cowp., 343), has said:

"While the objection that a contract is immoral or illegal as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant, it is not for his sake, however, that the objection is ever allowed, but it is founded in general principles of policy, which the defendant has the advantage of, contrary to the real justice as between him and the plaintiff, by accident, if I may say so. The principle of public policy is this: *Ex dolo malo non oritur actio.* No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff's own stating or otherwise the cause of action appears to arise *ex turpi causa* or the transgression of a positive law of this country, then the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff. So, if the plaintiff and defendant were to change sides and the defendant were to bring his action against the plaintiff, the latter would then have the advantage of it, for where both are equally in fault, *potior est conditio defendentis.*"

Counsel for plaintiff has cited to me two English cases, *Read* v. *Anderson* (13 Q. B. D., 779) and *Seymour* v. *Bridge* (14 Q. B. D., 460), which are, however, not in point. Their decision rests upon the rules underlying agency, and are not applicable to the case at bar. Even were this not so, this court would prefer to follow the minority decision of Brett, Master of Rolls, in *Read* v. *Anderson,* who, irrespective of the question of agency, whether revocable or irrevocable, holds the entire transaction (it being a betting transaction upon the turf exchange), while not illegal (according to the English law), still directly objectionable to the law, and, therefore, a business of which the law ought not to take notice, and dismisses both parties.

Demurrer sustained, and judgment may be taken accordingly.

*David Davis,* for plaintiff.

*James R. Jordan,* contra.